Opinion by Mollison, J. It was stipulated that the two classes of merchandise are the same in all material respects as those involved in *Calif-Asia Co., Ltd.* v. *United States* (39 C. C. P. A. 133, C. A. D. 475). In accordance with stipulation of counsel and following the cited decision, the items marked "A" were held dutiable at 40 percent ad valorem under paragraph 412, and the items marked "B" were held dutiable at 25 percent under said paragraph, as modified by the trade agreement with the United Kingdom (T. D. 49753).

**No. 57861.**—Dodge & Olcott, Inc., and George Lueders Co. *v.* United States, protests 211413–K and 212038–K (New York).

Opinion by Mollison, J. In accordance with stipulation of counsel that the merchandise consists of camphor oil the same in all material respects as that the subject of *Orbis Products Corp.* v. *United States* (30 Cust. Ct. 244, C. D. 1527), the claim of the plaintiffs was sustained.

**No, 57862.**—Dodge & Olcott, Inc., et al. *v.* United States, protests 215268–K, etc. (New York).

Opinion by Mollison, J. In accordance with stipulation of counsel that the merchandise consists of camphor oil the same in all material respects as that the subject of *Orbis Products Corp.* v. *United States* (30 Cust. Ct. 244, C. D. 1527), the claim of the plaintiffs was sustained.

BEFORE THE SECOND DIVISION, FEBRUARY 17, 1954

**No. 57863.**—Downing Trading Corporation *v.* United States, protest 105131–K (New York).

Opinion by Rao, J. In the stipulation of counsel, plaintiff conceded the correctness of the primary classification of the instant merchandise under said paragraph 1005 (a). Counsel for the respective parties further agreed that the 223 rolls of henequen cordage, specified on customs Form 3815, on file with the entry papers, were in bonded warehouse on January 30, 1943, the effective date of T. D. 50797, *supra,* and were withdrawn from bonded warehouse for consumption after Janu-